STATE OF MAINE                          UNIFED CRIMINAL DOCKET

CUMBERLAND, ss.                         LOCATION: PORTLAND

                                        DOCKET NO. CR-08-3870


STATE


V.                                      DECISION AND ORDER


JACK COWIE, III,


There was a hearing on April 9, 2009 concerning Defendant's Motion to Suppress dated January 6, 2009.[1] Assistant District Attorney William Barry represented the State. Aaron Baltes, Esq. represented the Defendant. Based on the evidence presented, the court finds, concludes, and orders as follows.

On November 1, 2008 Scarborough Police Officer Robert Pellerin received a dispatch report that off duty reserve police officer Meeghan Sargent reported that a possibly intoxicated person at Pizza Time in Scarborough was getting into a vehicle and going to leave. Officer Pellerin received updated dispatch messages that eventually led him to the Cumberland Farms parking lot in Scarborough where Defendant's vehicle was parked in a parking spot. The Cumberland Farms store was closed.

Officer Pellerin placed his police cruiser to the side and at an angle to the Defendant's car. The cruiser was pointed at the "left portion of the back door" of Defendant's car about 5 to 6 feet away from Defendant's car.[2] Defendant could have

---

[1] Defendant filed the motion pro se and did not sign the motion. However, his attorney filed a signed memorandum of law, and essentially adopted at least a portion of the motion.

[2] The court finds that it was the portion of the back door on the left side of the vehicle, or driver's side of the vehicle, as indicated by Officer Pellerin when he described the positions with his hands at the hearing.

1

backed straight out of his parking spot without hitting the cruiser. Officer Pellerin was in uniform but did not turn on the cruiser lights.[3]

Officer Pellerin walked up to the driver's side door. The driver side door window was already open. Officer Pellerin did not order or request that the window be opened, and did not knock on the window.

When he walked up to the window, Officer Pellerin detected a strong odor of intoxicants coming from the vehicle. There was no one else in Defendant's vehicle. Officer Pellerin then asked the Defendant if he had anything to drink that night, asked him what he was doing, and asked him if he had been anywhere else that night. He then told the Defendant to exit the car. Upon exiting the car, Officer Pellerin noticed that the Defendant used the driver's door as a "crutch" to exit, that the odor of intoxicants came from Defendant's mouth, and that Defendant's eyes were blood shot.

The Defendant was not seized at the time that Officer Pellerin walked up to the Defendant's open window and asked questions. The seizure did not occur until Officer Pellerin told the Defendant to exit his vehicle.[4] At that point Officer Pellerin had a reasonable articulable suspicion that the Defendant had operated a motor vehicle while impaired by intoxicants. Even if the questions asked resulted in a seizure, the dispatch information and the smell of intoxicants coming from the vehicle when he approached the vehicle's open window provided Officer Pellerin with a reasonable basis to ask the questions.

Therefore, Defendant's Motion to Suppress is denied.

A True Copy
Attest: *Jolly A Bourget*
Clerk of Courts

Dated: 4/10/09

Judge, Unified Criminal Docket

---

[3] The court infers, if not directly testified to, that Officer Pellerin meant the flashing blue lights.
[4] The court does not find from the evidence, Officer Pellerin's demeanor, or circumstances such as tone of voice that the questions were actually orders to provide information. This and other facts make this case distinguishable from *State v. Patterson*, 2005 ME 26, 868 A.2d 188.

2